United States District Court
Middle District of Florida
Jacksonville Division

**JARED A. WATTS,**

    *Plaintiff,*

v.                                                                                          **NO. 3:19-cv-467-J-34PDB**

**IHEARTMEDIA ENTERTAINMENT, INC.,**

    *Defendant.*

## Order

Before the Court are the plaintiff's motion to quash subpoenas to non-parties Cox Television Jacksonville, LLC, and Cox Media Group, LLC (collectively, "Cox"), Doc. 23; the defendant's response, Doc. 25; and the plaintiff's reply, Doc. 29.

Through the subpoenas, the defendant seeks a copy of an agreement between the plaintiff and Cox settling a defamation claim based on a television broadcast underlying some of the allegations in this action, as well as related documents and communications between Cox and the plaintiff or his counsel. Doc. 23-1. The Court heard arguments on the motion, response, and reply on October 25, 2019.

In the motion, the plaintiff argues quashing the subpoenas is warranted because compliance with them would require him to breach a confidentiality provision in the settlement agreement and enable the defendant to share the confidential documents with others. Doc. 23 at 3. He alternatively requests an order restricting the defendant's use of confidential documents. Doc. 23 at 3.

In the response, the defendant observes the law generally permits discovery of documents despite confidentiality agreements and the standard is relevancy, not admissibility. Doc. 25 at 4–5. The defendant argues the documents relate to the

plaintiff's claims, the plaintiff's credibility, and its defenses of re-publication, causation, fault, mitigation, and setoff. Doc. 25 at 2 n.2. The defendant provides a copy of a confidentiality agreement between the plaintiff and the defendant, Doc. 25-2, and suggests it may be used for discovery from Cox and other non-parties, Doc. 25 at 4 n.5.

In the reply, the plaintiff primarily argues about whether the defense of setoff is available to the defendant. *See generally* Doc. 29. He adds that an *in camera* review of the documents would show the defendant's arguments about relevancy are wrong. Doc. 29 at 2.

At oral argument, the plaintiff's counsel explained his chief motivation for moving to quash the subpoenas is honoring the plaintiff's agreement to keep the settlement confidential. Counsel for Cox appeared and stated Cox has no objection to producing the documents if subject to protection.

Under Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[1] "[D]iscovery of confidential settlement agreements is generally available under an appropriate protective order." *St. Bernard Parish v. Lafarge North America, Inc.*, 914 F.3d 969, 975 (5th Cir. 2019).

The Court **denies** the motion in part and **grants** the motion in part, Doc. 23. At a minimum, the documents relate to the plaintiff's possible motivation for suing the defendant and the defendant's defense that the plaintiff failed to mitigate any damages by working with Cox at the outset but not the defendant until months later. The defendant—being sued for assertedly substantial damages—reasonably wants to

---

[1] The standard, "not reasonably calculated to lead to the discovery of evidence," is not the standard. *See* Advisory Committee Notes to 2015 Amendment to Fed. R. Civ. P. 26 ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery.").

probe those and other areas. Because this ruling is based on the general nature and standard contents of settlement agreements and related communications, an *in camera* review is unnecessary.

Cox must produce the documents responsive to the subpoenas by **November 15, 2019**. To protect valid confidentiality interests, the settlement agreement and documents containing settlement discussions are deemed "confidential" and must be treated by the parties as "confidential" under the existing confidentiality agreement between the parties, Doc. 25-2. The other documents—any civil action notices and retraction demands to Cox from the plaintiff or his counsel—are not confidential and need not be treated as such.[2]

This order contains no decision on whether any of the to-be-produced documents are admissible under the Federal Rules of Evidence or whether the defense of setoff is available to the defendant.

Although this order may portend a ruling on some issues raised in the pending motion to compel, Doc. 32, the Court will defer ruling on that motion to provide the plaintiff an opportunity to respond to it.

**Ordered** in Jacksonville, Florida, on October 29, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

---

[2]Florida law provides, "Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01.

3